*Original*

**FILED**

JEFFREY A. APPERSON, CLERK

MAR 0 9 2010

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:09CR-71-S

JUAN PEDRO MUNIZ-ALVARADO                        DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

The fact that a witness has been convicted of a felony crime is another factor you may consider in deciding whether you believe the testimony of that witness.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

As stated before, a defendant has a right not to testify. If a defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

## COUNT 1

Title 21, United States Code, Section 846, makes it a federal crime for anyone to conspire or agree with someone else to possess a controlled substance with intent to distribute it.

The defendant can be found guilty of the crime of conspiracy only if all of the following facts are proved beyond a reasonable doubt:

First:    That two or more persons reached an agreement to possess with intent to distribute a substance containing cocaine;

Second:   That the defendant knew of the unlawful purpose of the agreement, and

Third:    That the defendant willfully joined in the agreement, that is, with the intent to further its unlawful purpose.

The essence of a conspiracy is the making of the scheme itself. Therefore it is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing their unlawful plan. It is not necessary for the United States to prove that all of the people named in the indictment were members of the scheme. Also, it is not necessary that they had entered into any formal type of agreement.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly joins in that plan on one occasion, that is sufficient to convict him for conspiracy even though he had not participated before and even though he played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who

has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

## SPECIAL INTERROGATORY AS TO COUNT 1

If you have found the defendant guilty as to Count 1, you must also decide beyond a reasonable doubt what quantity of the substance containing cocaine he conspired to possess on or about the dates set forth in the indictment. If you find the defendant guilty as to Count 1, you will complete the verdict form asking you to answer this question.

## COUNT 4

Title 21, United States Code, Section 841(a)(1), makes it a federal crime for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the law.

Count 4 of the indictment charges that Juan Pedro Muniz-Alvarado and others, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute cocaine.

The defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant knowingly and intentionally possessed a substance containing cocaine; and

Second: That he possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The parties have stipulated, and it is therefore established and not in issue, that the substance seized by the Drug Enforcement Authority on March 20, 2009 contains cocaine and has a net weight of 997.4 grams.

The guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

If a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Notice, however, that before a defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate himself in some way with the crime, and intentionally participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

## SPECIAL INTERROGATORY AS TO COUNT 4

If you have found the defendant guilty as to Count 4, you must also decide, beyond a reasonable doubt, what quantity of the substance containing cocaine he possessed on or about the date set forth in the indictment. If you find the defendant guilty as to Count 4, you will complete the verdict form asking you to answer this question.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

You will note that the indictment charges that the crimes were committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crimes. It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

Whether anyone else has been prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the United States has proved this defendant guilty. Do not let the possible guilt of other influence your decision in any way.

The defendant is on trial only for those specific crimes alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED

APR 2 2 2009

BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

UNITED STATES OF AMERICA

vs.

**INDICTMENT**

NO.  3:09 cr - 71-S

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

**JUAN PEDRO MUNIZ-ALVARADO** (Counts 1,4)

The Grand Jury charges:

## COUNT 1

From on or about and between January 12, 2009, and March 20,

2009, in the Western District of Kentucky, Jefferson County,

Kentucky, and elsewhere, the defendant

**JUAN PEDRO MUNIZ-ALVARADO,**

knowingly conspired with                              other persons known
and unknown to the Grand Jury, to knowingly and intentionally
possess with intent to distribute 500 grams or more of a mixture
or substance containing a detectable amount of cocaine, a
Schedule II controlled substance as defined in Title 21, United
States Code, Section 812, in violation of Title 21 United States
Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846,
and 841(b)(1)(B)(ii).

The Grand Jury further charges:

<u>COUNT 4</u>

On or about March 20, 2009, in the Western District of
Kentucky, Jefferson County, Kentucky, and elsewhere, the

defendants,   **OSCAR CRUZ-TULUM a/k/a MARTIN RICO AVALOS a/k/a PELON a/k/a RONALDO BLANCO-GARCIA, JOSE GARCIA-VEGA a/k/a JOSE GUERRERO-GARCIA, ANTONIO HERNANDEZ-MORALES a/k/a JESUS MILAGRO,** and **JUAN PEDRO MUNIZ-ALVARADO**, each aided and abetted by the other, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii) and Title 18, United States Code, Section 2.

A TRUE BILL.

FOREPERSON

CANDACE G. HILL
ACTING UNITED STATES ATTORNEY

CGH:MAC:04/22/2009

## VERDICT FORM A

| **United States District Court** | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN PEDRO MUNIZ-ALVARADO | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-71-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND :**

The defendant, Juan Pedro Muniz-Alvarado _____ of conspiracy, as charged in Count 1 of
(guilty/not guilty)
the indictment.


If you found the defendant, Juan Pedro Muniz-Alvarado, guilty as to Count 1, you will make the following
determination:

We, the jury, find beyond a reasonable doubt that on or about the dates set forth in the indictment, the defendant,
Juan Pedro Muniz-Alvarado, conspired to possess a substance containing cocaine in the amount of:

_____ 500 grams or more

_____ Less than 500 grams

| **Foreperson's Signature** | **Date** |
|---|---|
| | |